## Magyar v. Magyar.

*Dallas S. Gangewer*, for libellant.

RENO, P. J., Nov. 26, 1928.—The libel charges cruelty and indignities. The parties were married for six years, but never lived together, and whatever happened between them occurred during respondent's occasional week-end visits to the house of libellant.

As to most of the incidents of alleged cruelty and indignities the master remained in a state of justifiable dubiety. He says, "I put little weight in the cursing and other accusations made by libellant." And, seeing that for the most part her testimony came upon the record in response to leading questions, his frigid reaction is a normal consequence. Thus, without endorsing all he says, we concur in the general conclusion that the alleged acts of physical violence are not proven.

Still, he finds that respondent "failed to support and provide the necessaries of life" for libellant, and this, he says, is sufficient to sustain a divorce on the ground of cruel and barbarous treatment. For this position he cites and relies upon Hansell v. Hansell, 15 Pa. C. C. Reps. 514, and Hartman v. Hartman, 21 Dist. R. 341. The first case is merely a ruling upon a question of evidence. A wife sued her husband for divorce on account of cruelty, and respondent undertook to show that he was insane at the time, and the trial judge ruled that the proof should be received. In the second case, a husband sued his wife for divorce because of cruelties and indignities. He proved repeated and intentional false accusations of marital infidelity and venereal diseases, and a divorce was granted. In neither case was the question of the husband's failure to support or provide necessaries even remotely touched upon. The cases do not support the master's conclusions, and illustrate the fallacy of relying upon unverified text-book citations.

There are, however, Pennsylvania cases upon the point. Both the Supreme and Superior Court have in effect said that failure to support and to provide necessaries of life are elements to be considered in charges of cruelty and indignities. But, so far, neither has granted a divorce where these elements alone were present. These elements have always been found in combination with others, e. g., bad temper, drunkenness, jealousy, abuse, humiliations, false accusations, threats, physical violence: *Cf.*, Mason v. Mason, 131 Pa. 161; Lynn v. Lynn, 76 Pa. Superior Ct. 428. In Roth v. Roth, 15 Pa. Superior Ct. 192, there are, it must be conceded, expressions which might be taken to authorize the view that these elements alone, under some circumstances, might constitute indignities and that position is clearly understandable. But that case will not support a decree for indignities arising from failure to support where, as here, there is no explanation of the reasons for the failure

ever to establish a home and where, as here, there is evidence that he supported her, though perhaps inadequately, until the time of one of his alleged acts of cruelty, which the master regards as trivial. In short, the failure to support and provide necessaries can amount to cruelty and indignities only when, in the one instance, it "endangered the wife's life," or, in the other, it renders "her condition intolerable and life burdensome."

Now, Nov. 26, 1928, the master's report is not approved, the decree is refused and the libel is dismissed.

From Edwin L. Kohler, Allentown, Pa.